Original,
No. 5205.

RAYMOND GEORGE, *Adm'r*

*v.*

COMMERCIAL CREDIT CORPORATION *& a.*

Argued January 7, 1964.

Decided January 31, 1964.

*Shute & Engel (Mr. David C. Engel* orally), for plaintiff Raymond George, administrator of Baby Boy George.

*Burns, Bryant & Hinchey (Mr. Donald R. Bryant* orally), for defendant Commercial Credit Corporation.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Kimon S. Zachos (Mr. Zachos* orally), for defendant Portsmouth Mobile Homes, Inc.

LAMPRON, J.   These actions for wrongful death of a nonviable foetus are pending in the Superior Court together with four related cases for injuries to the mother and for hospital expenses and consequential damages suffered by the father as a result of the same accident.   Plaintiff takes the position that all of these cases should be tried together.   He maintains that if the issue sought to be transferred should be decided adversely to him at that trial there would result undue prejudice and hardship.

No one questions the authority of the Trial Court to reserve and transfer to this court in advance of trial the question of whether damages may be recovered for the wrongful death of a nonviable foetus which was never born alive. RSA 491:17. See *Poliquin* v. *MacDonald*, 101 N. H. 104; *Bennett* v. *Hymers*, 101 N. H. 483.   Plaintiff does not claim nor can we find an abuse of discretion by the Trial Court in its refusal to grant his request for such a transfer. *Perkins* v. *Associates*, 100 N. H. 247.

This court has concurrent original authority to grant a writ of certiorari to effectuate a transfer and consideration of that issue in advance of trial. RSA 490:4. *Nelson* v. *Morse*, 91 N. H. 177. Such relief is not granted as a matter of right. *Dinsmore* v. *Mayor and Aldermen*, 76 N. H. 187, 191. This extraordinary summary power is exercised in the discretion of this court sparingly and only when the substantial ends of justice require such action. *Nashua* v. *Public Utilities Commission*, 101 N. H. 503.

A writ of certiorari is not usually granted if the party seeking this redress has another remedy which is ample and convenient. *Leighton* v. *Railroad*, 72 N. H. 224, 231; *Cloutier* v. *State Milk Control Board*, 92 N. H. 199. Nor is it granted when an appeal is available and there are no unusual circumstances requiring this court to exercise this summary power. *Waisman* v. *Manchester*, 96 N. H. 50, 54; *Nashua* v. *Public Utilities Commission, supra*; *Salem Cooperative Bank* v. *Southwick*, 102 N. H. 1, 2.

Plaintiff admits his right to transfer any adverse ruling on this issue to this court after trial in the Superior Court. RSA 490:9, 10. The disadvantages which the plaintiff alleges he will suffer if this procedure is followed do not so outweigh other considerations as to warrant the granting of a writ of certiorari. *Waisman* v. *Manchester, supra*; *Nashua* v. *Public Utilities Commission, supra*.

*Petition dismissed.*

All concurred.