Merrimack
No. 78-253

WILLIAM BOTHWICK

v.

STATE OF NEW HAMPSHIRE, DEPARTMENT OF EDUCATION & a.

August 17, 1979

*Craig, Wenners, Craig & McDowell,* of Manchester (*Vincent A. Wenners, Jr.,* orally), for the plaintiff William Bothwick.

*Thomas D. Rath,* attorney general (*Deborah J. Cooper,* assistant attorney general, orally), for the N.H. Department of Education, Robert M. Duvall, Labor Commissioner, and the Board of Trustees of the N.H. Retirement System.

BOIS J. By petition dated July 29, 1976, the plaintiff, William Bothwick, appealed to the superior court a decision of the labor commissioner (commissioner) awarding workmen's compensation benefits based on a finding of partial disability. RSA 281:37. The plaintiff, claiming total and permanent disability, sought to limit the superior court's review solely to the question of the degree of disability. The commissioner sought to preserve the opportunity for a "full hearing" concerning the entire matter. A separate petition dated August 26, 1976, filed with the superior court, sought relief from a decision of the trustees of the retirement board (board) that the plaintiff was ineligible for disability retirement benefits under the provisions of RSA 100-A:3, *as amended* (Supp. 1977).

On motion of the defendants, all matters were consolidated for trial. A full hearing was had before a Master (*Robert A. Carignan*, Esq.) who recommended that the decision of the commissioner be affirmed and that the petition to enforce disability retirement payments be dismissed. The Court (*Johnson*, J.) approved the recommendation and entered a decree accordingly.

*DiClerico*, J., reserved and transferred the following exceptions:

(a) The master's ruling that the plaintiff is entitled to workmen's compensation benefits (defendants' exception);

(b) The master's ruling that the plaintiff was not totally disabled (plaintiff's exception);

(c) The master's ruling that the plaintiff was not entitled to interest, costs, attorney's fees (plaintiff's exception); and

(d) The master's ruling that the plaintiff was not entitled to retirement benefits (plaintiff's exception).

We affirm the master's rulings and overrule all exceptions.

I. *Workmen's Compensation Claim*

In December 1969, the plaintiff was employed by the department of education as an instructor in welding at the Manpower Training Center in Manchester. For twenty years previously, he had worked as a steel worker and as a superintendent or inspector of bridges. Mr. Bothwick's testimony and the medical history provided by him to the physicians who examined and treated him revealed that he was a man of moderate habits who had always enjoyed good health. He had not been given a preemployment physical examination by the department of education.

In 1971, while being treated by a doctor for an unrelated matter, Bothwick was found to have elevated blood pressure and to suffer from hypertension. The plaintiff was cared for by this doctor for about one year. He then sought treatment at the Veterans Administration Hospital, where he was treated from 1972 to 1975. He subsequently procured the services of a Dr. Stoev, and was under his care at the time of trial.

The evidence reveals that during the course of his employment, the plaintiff complained to his supervisor about an inadequate ventilation system, claiming that it failed to remove smoke and fumes which he contends contained lead. The problem was not remedied while the plaintiff taught at the center. There is testimony from several

witnesses that as a result of the plaintiff's complaints, relations between him and his supervisor were strained.

In furtherance of his workmen's compensation appeal, the plaintiff claims that he is now suffering from totally disabling malignant hypertension. He blames his condition not only on the inhalation and absorbtion into his system of the lead he claims was contained in the fumes, but also on the stress situation that existed during the years of his employment. The defendants contend that the plaintiff is not totally disabled and that, additionally, he is not entitled to benefits for even partial disability because he has not proved personal injury within the meaning of RSA 281:2 V.

The trial court found that lead ingestion was not a factor causing or contributing to the plaintiff's illness. The master also found "that the lack of ventilation coupled with the discord between the plaintiff and his superiors caused a stressful situation which aggravated the plaintiff's hypertension." He further found and ruled that "the medical evidence presented by both doctors indicates that the plaintiff is not totally and permanently disabled, but that the stress he underwent as a result of his employment was a contributing and an aggravating factor to the preexisting physical problem (Hypertension) of the plaintiff, which would entitle the plaintiff to recover workmen's compensation benefits."

"The trial court's determination as to the existence of an injury suffered by a claimant and the extent of the disability resulting from it are questions of fact that will not be disturbed if there is competent evidence in the record from which that decision could reasonably be made." *City of Rochester v. Smith*, 119 N.H. 495, 403 A.2d 421 (1979). Therefore, the question is whether there was competent evidence from which the court could reasonably determine that the plaintiff suffered an aggravation of a preexisting problem that rendered him partially disabled and hence entitled him to workmen's compensation benefits.

The defendants first argue that the plaintiff has failed to prove either accidental injury or that the injury, whether accidental or not, was caused by his employment, as required by RSA 281:2 V.

In *New Hampshire Supply Co. v. Steinberg*, 119 N.H. 223, 400 A.2d 1163 (1979), we held that a causal connection can exist between work-related stress and heart attack. We held that "[t]he legal character of the case does not change when the stimulus leading to the heart attack takes the form of substantial anxiety or pressure. There is no valid reason to sustain a claim based on physical exertion and deny one based on mental or emotional stress." *Id.* at 227, 400 A.2d at 1166. We recognize that these cases frequently present difficult and

complicated medical questions that "[i]nvolve matters peculiarly within the knowledge of experts and [require] some medical evidence or testimony." *City of Rochester v. Smith*, 119 N.H. at 497, 403 A.2d at 422.

■ ■ "Where an accidental injury aggravates a preexisting condition the injured employee is entitled to compensation." *Servetas v. King Chevrolet Oldsmobile Co.*, 117 N.H. 1061, 1063, 381 A.2d 750, 751 (1977). The record contains conflicting testimony concerning the issue of lead poisoning. The medical evidence presented by both doctors supports a finding that the stress the plaintiff underwent "was a contributing and aggravating factor" to a preexisting physical condition and resulted in compensable partial disability. Applying our standard of review, we hold that there exists competent evidence to support the trial court's decision. *E.g., City of Rochester v. Smith*, 119 N.H. 495, 403 A.2d 421 (1979).

Mr. Bothwick concedes that he is not entitled to an award for costs. See *Ranger v. Youth Development Center*, 118 N.H. 163, 384 A.2d 493 (1978). Nevertheless, he claims that the trial court erred by not awarding attorney fees and interest under RSA 281:37-a, which reads in part as follows: "In any dispute over the amount of benefits payable under this chapter which is appealed to the superior or supreme court, the employee, if he prevails, shall be entitled to reasonable counsel fees as approved by the court, and interest . . . ."

The plaintiff relies on *Couture v. Mammoth Groceries, Inc.*, 117 N.H. 294, 371 A.2d 1184 (1977), and in his brief argues:

> [T]he defendant has appealed the master's ruling that the plaintiff is entitled to workmen's compensation benefits . . . . [T]he plaintiff prevailed both at the Labor Department hearing and at the trial before the master, and that the superior court affirmed the plaintiff's award as to the compensability of his injury. On this basis alone, the plaintiff is entitled to an award of attorney's fees and interest based upon the award . . . , the compensability of which the defendant [State] appealed in the first instance.

■ We do not agree that the defendants appealed the master's ruling. The record does not sustain such a conclusion. The chronology of the filing of the pleadings reveals that on July 21, 1976, the compensation award was made by the commissioner. On July 29, 1976, the plaintiff filed a petition with the court, claiming that the commissioner erred in not having found total permanent disability.

The plaintiff requested that the court limit its review to the question of the degree of the disability. The defendants by their pleadings of August 20, 1976, and the plaintiff in its answer thereto, properly sought to enforce the statutory mandate of a full trial of issues raised in prior proceedings. The parties sought a substitution of the conclusions of the court for those of the commissioner. RSA 281:37; *City of Rochester v. Smith supra; Charles & Nancy, Inc. v. Zessin*, 118 N.H. 556, 391 A.2d 880 (1978). We conclude that the plaintiff and not the defendants appealed the commissioner's ruling.

Two of the several important relevant factors to be considered in determining the allowance as well as the reasonableness of fees are "[t]he extent to which the attorney prevailed, and the benefit thereby bestowed on his clients." *Couture v. Mammoth Groceries, Inc.*, 117 N.H. at 296, 371 A.2d at 1186. The plaintiff prevailed in the present case, but only in the sense that the commissioner's order was upheld by the court. Neither the superior court nor this court has awarded him more than he was entitled to prior to appeal. *See N.H. Supply Co., Inc. v. Steinberg*, 119 N.H. 223, 400 A.2d 1163 (1979). He has not benefited as a result of today's decision.

Moreover lawyers for plaintiffs should be aware that by taking appeals in instances similar to the present case, they risk losing for their clients the fruits of their partial successes before the commissioner.

An examination of the record before us and an application of the standards outlined in *Couture v. Mammoth Groceries, Inc. supra*, convince us that the trial court did not err by refusing to grant attorney fees and interest to the plaintiff. *See generally Seppala & Aho Constr. Co. v. Elton*, 119 N.H. 634, 406 A.2d 460 (1979).

II. *Retirement Board Claim*

In denying benefits, the board reasoned that because the plaintiff never had been a member of the retirement system, he was ineligible for disability retirement benefits.

The parties are in agreement that the plaintiff was required to become a member of the retirement system and that he never joined prior to his leaving State service in June 1975.

RSA 100-A:3 I provides as follows:
Any person who becomes an employee, teacher, permanent policeman or permanent fireman . . . shall become a member of the retirement system as a condition of employment: . . . .

There is evidence in the record that sometime in 1973, the plaintiff became aware of the requirement that all State employees become members of the State retirement system as a condition of employment. RSA 100-A:3. He testified that he did not join the system because he had already asked to be replaced and because "there is not much sense in me making efforts in the retirement system when I anyday, I could be leaving their services." The State was also aware that plaintiff had neglected to join the system, and there is evidence of efforts to enroll him and others similarly situated in the system.

The plaintiff claims that not only was he entitled to membership, but also that the employer had an affirmative duty to enroll him. He argues that its failure to enroll him estops the State from denying him benefits. The board argues that estoppel does not lie against the State, see Institute for Trend Research v. Griffin, 101 N.H. 255, 139 A.2d 628 (1958), and that the duty to join the system is upon the plaintiff. The board contends, therefore, that the plaintiff should be estopped from claiming benefits because of the State's efforts to enroll him and his own voluntary relinquishment of a known right. The master found that "the plaintiff is not entitled to a disability pension from the State retirement system since, by choice, he never became a member of the system and, further, that he was not 'in service' at the time he applied."

 RSA ch. 100-A contains no provision for judicial review. Nevertheless, "certiorari will properly lie for this purpose when no other remedy is available to the petitioner." Kalloch v. Board of Trustees, 116 N.H. 443, 444, 362 A.2d 201, 202 (1976). The superior court has concurrent original jurisdiction with this court to grant writs of certiorari. George v. Credit Corp., 105 N.H. 269, 197 A.2d 212 (1964); cf. Carling Brewing Co. v. State Liquor Comm'n, 102 N.H. 284, 155 A.2d 808 (1959) (trial court asserted jurisdiction over writ of certiorari but transferred all questions to supreme court). The instant petition was not one seeking certiorari, but the trial court could properly hear it as one since there is no statutory appeal provision. See Melton v. Personnel Comm'n, 119 N.H. 272, 401 A.2d 1060 (1979). Courts are not limited by the "technical accuracy or designation of legal forms of action." State v. Harkaway, 105 N.H. 42, 46, 192 A.2d 619, 622 (1963). "On a sufficient petition the question is whether there is an error correctible by the [court]." Boody v. Watson, 64 N.H. 162, 173, 9 A. 794, 803 (1887). The issue of the correctness of the board's and master's ruling is now before us with a record and transcript.

 The legislature established the board of trustees as the body responsible "for the proper administration of this chapter." RSA

100-A:14 II. As with other boards, agencies, and commissions, "[c]onsideration and due weight must be given its decisions and judgments." *Melton v. Personnel Comm'n*, 119 N.H. at 280, 401 A.2d 1065. On certiorari courts are not "at liberty to substitute [their] judgment for that of the commission or make findings de novo." *Wilson v. Personnel Comm'n*, 118 N.H. 424, 426, 387 A.2d 1160, 1161 (1978). "The test to determine whether to grant a writ of certiorari is whether the agency has acted illegally in respect to jurisdiction, authority or observance of the law . . . or has abused its discretion or acted arbitrarily or capriciously." *Id.* at 425–26, 387 A.2d at 1161. Although the master did make a factual finding concerning the issue of whether the plaintiff "was in service" when he applied for membership in the retirement system, a finding beyond the purview of certiorari jurisdiction, *see, e.g.*, *Melton v. Personnel Comm'n*, 119 N.H. at 280, 401 A.2d 1065, any error was harmless. The verdict is supported independently by the master's finding consistent with that of the board that the plaintiff had voluntarily refused to join the system. *Cf. Legislative Utility Consumers' Council v. Public Service Co.*, 119 N.H. 332, 402 A.2d 626 (1979) (improper administrative notice of certain facts harmless when sufficient independent evidence supports decision).

The record amply supports the findings and rulings of both the board and court. We hold that their judgments are not so lacking in reason as to suggest an abuse of discretion or action that is arbitrary, unreasonable or capricious. *Melton v. Personnel Comm'n*, 119 N.H. 272, 401 A.2d 1060 (1979); *Wilson v. Personnel Comm'n*, 118 N.H. 424, 387 A.2d 1160 (1978).

*Plaintiff's and defendants' exceptions overruled.*

All concurred.