Hillsborough
No. 79-071

### SEPPALA & AHO CONSTRUCTION COMPANY
### FIREMAN'S FUND INSURANCE COMPANY

v.

### MARSHA E. ELTON & a.

August 17, 1979

*Calderwood, Ouellette, Hallisey & Dibble,* of Dover (*Dennis L. Hallisey* orally), for the plaintiffs.

*Craig, Wenners, Craig & McDowell,* of Manchester (*Joseph F. McDowell III* orally), for the defendant.

BOIS, J. The issue presented by this case is whether the trial court erred in limiting its award of attorney fees pursuant to RSA 281:37-a to those fees incurred during the appeal process. We hold that it did not.

Following the death of her husband, the defendant filed a claim for workmen's compensation against the plaintiffs, Seppala & Aho Construction Company (Seppala), her husband's employer, and Seppala's workmen's compensation insurance carrier, Fireman's Fund Insurance Companies (Fireman's). Fireman's contested this claim and the department of labor held a hearing. The decision was deferred pending the submission of medical evidence. Medical evidence was later submitted by the claimant, and the labor commissioner ruled in her favor. Fireman's appealed this decision to the superior court but six months later was granted a voluntary nonsuit by *Contas,* J. The court ordered Fireman's to pay attorney fees incurred by the defendant, but limited its order to fees incurred during the appeal process exclusively. The court ordered that the award amount be based on business records of the defendant's attorney. The defendant excepted to the court's order, arguing that the evidence was undisputed that the fee agreed to between the defendant and her attorney was a twenty-five percent contingent fee, and that the court erred by not granting that amount. This exception was reserved and transferred to this court.

RSA 281:37-a provides in pertinent part that "[i]n any dispute over the amount of benefits payable under this chapter which is appealed to the superior or supreme courts, the employee, if he prevails, shall be entitled to reasonable counsel fees as approved by the court." The defendant contends that it is implicit in this court's decision in *Couture v. Mammoth Groceries, Inc.,* 117 N.H. 294, 371 A.2d 1184 (1977), in which RSA 281:37-a was applied, that the insurance carrier must pay all the claimant's legal fees when the claimant prevails on appeal, provided those fees are reasonable. In *Couture,* we held that the trial court's award of a one-third contingency fee was not erroneous because the fee was reasonable under the circumstances in that case. In *Couture,* however, the workmen's compensation dispute had been fully litigated before the superior court and appealed to the supreme court. *Couture v. Mammoth Groceries, Inc.,* 116 N.II. 181, 355 A.2d 421 (1976). A second supreme court appeal was heard on the issue of

reasonable attorney fees. *Couture v. Mammoth Groceries, Inc.*, 117 N.H. 294, 371 A.2d 1184 (1977). Although the underlying issue in *Couture* was the same as the one in the present case, that is, whether a fatal heart attack was work related, the cases are entirely dissimilar in their procedural history. The present case was appealed to superior court but not litigated there because Fireman's voluntarily nonsuited.

■ Our decision in *Couture* merely permits an award of an entire contingent fee under RSA 281:37-a; it does not require it. We outlined several factors as guidelines in determining the reasonableness of fees that are set forth in the ABA Code of Professional Responsibility governing the conduct of New Hampshire attorneys, Disciplinary Rule 2-106 (B). These factors are the amount involved; the nature, novelty, and difficulty of the litigation; the attorney's standing and the skill employed; the time devoted; the customary fees in the area; the extent to which the attorney prevailed; and the benefit thereby bestowed on his clients. *Couture v. Mammoth Groceries, Inc.*, 117 N.H. at 296, 371 A.2d at 1186. The amount of attorney fees awarded by the court in the present case reflects a careful consideration of the ABA factors outlined in *Couture*.

■ We do not believe that the legislature intended to require a trial judge to award the employee prevailing in a workmen's compensation appeal attorney fees equal to the entire contingency fee, even when the appeal ends in a voluntary nonsuit or when no significant work is done on appeal. Some appeals require lengthy preparation, *see Couture v. Mammoth Groceries, Inc.*, 117 N.H. 294, 371 A.2d 1184 (1977); *Couture v. Mammoth Groceries, Inc.*, 116 N.H. 181, 355 A.2d 421 (1976), while others, such as the present case, are relatively simple to win. We note that a number of other jurisdictions have statutes which allow awards of attorney fees to a successful claimant on appeal in workmen's compensation cases, but limit the award to expenses incurred on appeal. *E.g.*, DEL. CODE tit. 19, § 2350 (f) (1953), *quoted in All American Engineering Co. v. Price*, 348 A.2d 333, 334 (Del. Super. 1975); ME. REV. STAT. tit. 39, § 103, *quoted in Gordon v. Maine Reduction Co., Inc.*, 358 A.2d 544, 550 (Me. 1976); *see* A. LARSON, WORKMEN'S COMPENSATION LAW § 83.19 (1976).

■ The defendant claims that interpreting RSA 281:37-a to permit the award only of attorney fees incurred on appeal exclusively will dilute the impact that the statute was meant to have in deterring appeals by employers in workmen's compensation cases. We disagree. Under today's interpretation, the statute will continue to discourage appeals and provide the protection that the legislature intended for

the working person. *See* N.H.S. JOUR. 537 (1969). In summary, the court did not err when it limited its award of attorney fees to those incurred during the appeal process.

*Exception overruled.*

All concurred.