Strafford
No. 81-383

### ROLLIN E. HARDY

v.

### THE STATE OF NEW HAMPSHIRE & a.

July 2, 1982

*Ouellette, Hallisey & Dibble P.A.*, of Dover (*William L. Tanguay* on the brief and orally), for the plaintiff.

*Gregory H. Smith*, attorney general (*James E. Townsend*, assistant attorney general, on the brief and orally), for the State.

*Scott E. Woodman,* of Dover, by brief for the City of Dover.

DOUGLAS, J. In this case, the New Hampshire Retirement System Board of Trustees denied the plaintiff's request for disability benefits, and the Superior Court (*Goode,* J.) subsequently declined to issue a writ of certiorari. The issue before us is whether the court erred in denying the writ. We affirm.

On November 22, 1977, the plaintiff, a permanent employee of the Dover fire department, extinguished a car fire. Claiming that his lungs were permanently damaged by the heavy smoke, he sought retirement with a disability retirement allowance under RSA 100-A:6 I(c) & (d). In July 1978, the New Hampshire Retirement System Board of Trustees (the board) voted to grant disability retirement benefits to the plaintiff, but in September 1978 it reconsidered its decision and rescinded the benefits. The plaintiff was notified of the board's decision to rescind in October 1978 and petitioned for rehearing in January 1979. The board again denied him benefits.

The plaintiff persisted and was granted a new hearing in May 1980. Nevertheless, on July 23, 1980, the board again denied the plaintiff's claim because he had failed to prove that the November 1977 fire had damaged his lungs or rendered him physically incapacitated. After his August 5, 1980, motion for rehearing was denied, the plaintiff petitioned the superior court for a writ of certiorari. The court denied his petition, as well as his subsequent motion for reconsideration and rehearing. The plaintiff appealed to this court.

The sole issue which we must consider is whether the superior court erred in refusing to issue a writ of certiorari. Because RSA ch. 100-A does not provide for judicial review, a writ of certiorari is the sole remedy available to a party aggrieved by a decision of the board of trustees. *See Bothwick v. State,* 119 N.H. 583, 590, 406 A.2d 462, 467 (1979). The trial court was not compelled to grant a writ of certiorari unless it found that the board of trustees "acted illegally in respect to jurisdiction, authority or observance of the law . . . or has abused its discretion or acted arbitrarily, or capriciously." *Melton v. Personnel Comm'n,* 119 N.H. 272, 280, 401 A.2d 1060, 1065 (1979) (quoting *Slayton v. Personnel Comm'n,* 117 N.H. 206, 208, 371 A.2d 1159, 1161 (1977). We conclude that the trial court's refusal to grant a writ of certiorari was reasonable.

The board of trustees may retire an employee on an accidental disability retirement allowance if it finds the employee to be "mentally or physically incapacitated for the further performance

of duty and that such incapacity is likely to be permanent." RSA 100-A:6 I(c). The employee's injury must be the natural and proximate result of an accident which occurs during the performance of his duty without willful negligence on his part. *Id.* The board of trustees received conflicting evidence regarding both the cause and extent of the plaintiff's injury. One physician, Dr. Richard Petrie, believed that smoke from the November 1977 fire permanently injured the plaintiff's lungs and that the resulting injury physically incapacitated him from further performance of his duty. Dr. Peter Barlow, on the other hand, concluded that "the event should not have, in itself, caused serious damage to [the plaintiff's] respiratory system nor to his general health, though it may have caused some symptoms." Based on these and other opinions, the board of trustees concluded that the plaintiff had failed to prove either that he was physically incapacitated or that his condition was the natural and proximate result of the November 1977 fire.

The plaintiff contends that the board committed reversible error because it "ignored" and "failed to consider" the opinion of Dr. Petrie. It is not this court's function to make findings de novo or to substitute its judgment for that of the board. *See Melton v. Personnel Comm'n,* 119 N.H. at 280, 401 A.2d at 1065. Rather, we must uphold the agency's decision if it could reasonably have decided as it did. *See F. A. Gray, Inc. v. Demopoulos,* 122 N.H. 495, 446 A.2d 860 (1982). We hold that the board's conclusion was not so lacking in reason as to be arbitrary, unreasonable, or capricious, or to constitute an abuse of discretion. *See Bothwick v. State,* 119 N.H. at 591, 406 A.2d at 467; *Melton v. Personnel Comm'n,* 119 N.H. at 280, 401 A.2d at 1065. The board did not err in adopting the view propounded by one expert and rejecting the opinion of another. It is the fact-finder's function to evaluate the evidence. *See Rowe v. City of Portsmouth,* 122 N.H. 146, 148, 441 A.2d 1181, 1183 (1982).

The plaintiff also argues that the trial court abused its discretion because it denied his petition for a writ of certiorari without stating any reasons. Absent a request under RSA 491:15, we are aware of no authority requiring a court to issue a written opinion when neither party requests findings of fact or rulings of law.

We reject the plaintiff's argument that RSA 281:2 V-a, which creates a presumption in workmen's compensation cases that heart and lung disease in a firefighter are occupationally related, is applicable in the context of a dispute involving retirement disability

benefits under RSA ch. 100-A. RSA ch. 100-A contains no discussion of such a presumption and does not refer to RSA 281:2 V-a.

 Finally, we disagree with the plaintiff that the board acted improperly and created unnecessary delay. Although the administrative process unfortunately extended for almost three years, we discern no bad faith on the part of the board.

In light of the result we have reached, we need not address the defendants' contention that the trial court erred in rejecting their argument that the plaintiff's petition for writ of certiorari was not timely.

*Affirmed.*

All concurred.