Original
No. 95-169

PETITION OF BRUCE HERRON

(New Hampshire Retirement System)

July 29, 1996

*Boynton, Waldron, Doleac, Woodman & Scott, P.A.*, of Portsmouth (*Bradley M. Lown* on the brief and orally), for the petitioner.

*Jeffrey R. Howard*, attorney general (*Suzan M. Lehmann*, assistant attorney general, on the brief and orally), for the State.

HORTON, J. The petitioner, Bruce Herron, challenges the ruling of the New Hampshire Retirement System (NHRS) denying his request to purchase credit from NHRS for his years of service as a public employee of the Commonwealth of Massachusetts. We reverse.

The petitioner retired on June 1, 1994, after fourteen years of creditable service, *see* RSA 100-A:1, XVI (1990) (defining "creditable service"), as an employee of the New Hampshire Department of Employment Security (NHDES). Before moving to New Hampshire, he worked as a public school teacher in Massachusetts and was a member of the Massachusetts Retirement System. On January 1, 1976, he resigned from his teaching position due to a disability but later rescinded his resignation and, on June 15, 1976, was granted a retroactive leave of absence from January 1, 1976, to September 1, 1976. In September 1976, he received from the Massachusetts Retirement System a refund of his total accumulated contributions, and his membership was terminated.

The petitioner's employment at NHDES began on September 1, 1977. He enrolled in NHRS on March 1, 1978, after serving a six-month probationary period. Prior to his retirement, he purchased credit for the six months of probationary service. *See* Laws 1969, 354:3 (repealed by Laws 1989, 323:2). His application to purchase credit for his years of out-of-state service, however, was denied. In her decision, the retirement counselor determined that the petitioner exceeded the eighteen-month maximum gap allowed between the end of membership in an out-of-state retirement system and the commencement of membership in NHRS. *See* RSA 100-A:4-b, I(a). (Supp. 1995). Upon review, the NHRS board of trustees approved the recommendation of a hearings officer that the administrative denial be affirmed.

The sole remedy available to a party aggrieved by a decision of the NHRS board of trustees is a writ of certiorari. *See Hardy v. State*, 122 N.H. 587, 589, 448 A.2d 382, 384 (1982). Although the petitioner has mistakenly filed an appeal under RSA chapter 541, "we will treat the appeal as a petition for writ of certiorari." *Petition of Ellis*, 138 N.H. 159, 160, 636 A.2d 62, 62 (1993). "[O]n certiorari, we will not make *de novo* findings or revise those already made" by the board. *Petition of Blake*, 137 N.H. 43, 46, 623 A.2d 741, 743 (1993). Accordingly, our standard of review is whether the board "acted

illegally with respect to jurisdiction, authority or observance of the law, whereby [it] arrived at a conclusion which could not legally or reasonably be made, or abused [its] discretion or acted arbitrarily, unreasonably, or capriciously." *Id.* (ellipsis and quotation omitted).

RSA 100-A:4-b governs credit for out-of-state service. It allows members of NHRS to purchase credit for out-of-state service as creditable service in NHRS. The ability to purchase credit for out-of-state service is conditioned, *inter alia*, upon the member's having "terminated employment *and* active membership in the out-of-state system and, within 18 months thereafter, [having] become a group I member of the New Hampshire retirement system." RSA 100-A:4-b, I(a) (emphasis added). The issue in this case, therefore, is whether either the petitioner's employment or his membership in the Massachusetts Retirement System was in effect within eighteen months of his membership in NHRS.

The petitioner argues that the hearings officer erred in ruling that January 1, 1976, is the starting date for computing the eighteen-month bridging period under RSA 100-A:4-b. The hearings officer determined that although the petitioner maintained his *employment status* in Massachusetts until September 1, 1976, he terminated his *active membership* in the Massachusetts Retirement System on January 1, 1976, the date he stopped making contributions to the system. The petitioner disputes the hearing officer's determination of the end of his Massachusetts active membership. We do not address this dispute. The hearings officer erroneously ruled that the date active membership ended is, by itself, determinative. Under RSA 100-A:4-b, I(a), the eighteen-month bridging period begins to run only when the petitioner has terminated both his employment *and* his active membership. In this case the hearings officer specifically found that the petitioner maintained his employment status until September 1, 1976. Consequently, the starting date for purposes of the bridging period is September 1, 1976.

The hearings officer found, and the parties agreed, that the petitioner enrolled in NHRS on March 1, 1978, at the end of the six-month probationary period. By terminating his employment in Massachusetts on September 1, 1976, and becoming a group I member of NHRS no later than March 1, 1978, the petitioner satisfied the requirements of RSA 100-A:4-b, I(a). *See* RSA 21:35 (Supp. 1995). Because we reverse on this ground, we need not consider the petitioner's claims regarding acceleration of the New

Hampshire membership date either through statutory interpretation or by virtue of a probationary period buy-back.

*Reversed.*

All concurred.