Rockingham
No. 97-162

### ELLICE DOW

v.

### SEARS, ROEBUCK & CO.

November 30, 1998

*Burns, Bryant, Hinchey, Cox & Rockefeller, P.A.*, of Dover (*Matthew B. Cox* on the brief and orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Nelson A. Raust* on the brief and orally), for the defendant.

BRODERICK, J. The plaintiff, Ellice Dow, appeals an order of the Superior Court (*Gray*, J.) dismissing her appeal of a finding of no probable cause by a commissioner for the commission for human rights (commission). We affirm.

Dow worked for the defendant, Sears, Roebuck & Co. (Sears), as a sales person in its Newington store from October to December 1993. Sears terminated her employment the following February.

Shortly thereafter, Dow filed discrimination charges with the commission and the United States Equal Employment Opportunity

Commission (EEOC), alleging that her diabetes and diabetic neuropathy were the actual grounds for her termination. After conducting an investigation, a commissioner concluded that Dow's allegations were not supported by probable cause, and the commission closed its files on the case. Dow appealed this finding to the trial court. *See* RSA 354-A:22, I (1995). The trial court concluded that RSA chapter 354-A did not permit appeals from findings of no probable cause, and dismissed the appeal for lack of subject matter jurisdiction. The trial court denied Dow's motion to reconsider, and she appealed, asserting that the trial court erred by restrictively interpreting RSA chapter 354-A as only authorizing appeals from final orders of the commission and not from determinations relating to probable cause.

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Petition of Barney*, 142 N.H. 798, 801, 710 A.2d 408, 410 (1998) (quotation omitted). "[W]e begin our analysis with an examination of the statutory language . . . [and] look to the plain meaning of the words used in the statute when possible." *Atwood v. Owens*, 142 N.H. 396, 398, 702 A.2d 333, 335 (1997) (citation omitted). In addition, "we draw inferences concerning a statute's meaning from its composition and structure." *Brouillard v. Prudential Prop. & Cas. Ins. Co.*, 141 N.H. 710, 715, 693 A.2d 63, 67 (1997).

RSA 354-A:22, I, governs judicial review of decisions by the commission and provides in pertinent part that "[a]ny complainant, respondent or other person aggrieved by such *order of the commission* may obtain judicial review of the *order*." (Emphasis added.) RSA 354-A:22 (1995) does not provide for an appeal from any other determination by the commission, nor does it permit an appeal from a decision of an individual commissioner. Thus, the plain language of RSA 354-A:22, I, indicates that an appeal must arise from an order of the commission.

The term "order" is not explicitly defined in RSA chapter 354-A. *See generally* RSA 354-A:2 (1995). According to RSA 354-A:21, however, the commission issues orders following a hearing in which it decides, upon all the evidence, whether "a respondent has engaged in any unlawful discriminatory practice." RSA 354-A:21, II(d) (1995); *accord id.* :21, II(f) (1995); *see id.* :22, II (requiring "a written transcript of the record upon the hearing before the commission" to accompany petition for appeal). In contrast, the assessment of probable cause does not involve a hearing and is made by an individual commissioner. *See* RSA 354-A:21, II(a) (1995).

Specifically, one commissioner must make a finding that "probable cause exists for crediting the allegations [in a] complaint" of unlawful discriminatory practices before the matter can proceed to a merits hearing before the commission. RSA 354-A:21, II(a); *see id.* :21, II(b) (1995) (establishing procedure for hearing to follow determination that probable cause exists to support allegations). In contrast to the express requirement that an order issue following a hearing by the commission, RSA chapter 354-A does not describe a commissioner's probable cause finding as an "order," nor does it allow for the commission to review that commissioner's assessment. Thus, probable cause determinations do not satisfy the statutory requirement of RSA 354-A:22, I, authorizing appeals from orders of the commission.

Moreover, the scope of appellate review further evinces a legislative intent to preclude appeals from probable cause determinations. On appeal, the superior court's review is focused on the "pleadings, testimony, and proceedings set forth in [the] transcript" of the hearing before the commission. RSA 354-A:22, II; *see id.* :22, III (permitting complainant to move the court to accept additional evidence after showing of "reasonable grounds for the failure to adduce such evidence before the commission"). In fact, RSA 354-A:22, II requires a petitioner to include "a written transcript of the record upon the hearing before the commission." When a commissioner finds no probable cause, however, there is no hearing, and, therefore, no testimony or transcript for the court to review.

██ ██ Accordingly, because RSA 354-A:22 limits review to "orders" of the commission and, primarily, the evidence offered at a hearing, we hold that RSA chapter 354-A does not allow for judicial review of a commissioner's probable cause determinations. *See Belluscio v. Town of Westmoreland*, 139 N.H. 55, 56, 648 A.2d 211, 212 (1994) ("We will not insert into a statute words that the legislature has not chosen to include."). We note, however, that our interpretation of the statute does not preclude a claimant who receives a finding of no probable cause from pursuing a common law claim, *see Douglas v. Coca-Cola Bottling Co.*, 855 F. Supp. 518, 522 (D.N.H. 1994), seeking reconsideration by the commissioner, *see* N.H. ADMIN. RULES, Hum 210.02(a), (c) (1998), or petitioning for a writ of certiorari, *see Bothwick v. State*, 119 N.H. 583, 590-91, 406 A.2d 462, 467 (1979).

*Affirmed.*

All concurred.