Sullivan
No. 89-092

SARA BROWN

v.

DOUGLAS BROWN

July 27, 1990

*Clauson, Smith & Whelan,* of Hanover (*K. William Clauson* on the brief and orally), for the plaintiff.

*McNamara, Schuster & Wheeler P.A.*, of Lebanon (*Claude T. Buttrey* on the brief, and *Marilyn Billings McNamara* orally), for the defendant.

THAYER, J.   In this appeal from the Superior Court's (*DiClerico,* J.) rulings in a personal injury action, in which the jury returned a verdict in favor of the defendant, Douglas Brown, the main question presented for our review is whether evidence of the defendant's previously annulled criminal conviction of assault can be used by the plaintiff, Sara Brown, in the subsequent civil assault proceeding to establish conclusively the occurrence of the assault. For the reasons that follow, we hold that it cannot be so used, and therefore affirm.

In December of 1986, while Sara Brown's estranged husband was present at the parties' home in Claremont, there arose a confrontation between them, the result of which was a claim by the plaintiff that the defendant had assaulted her. Mr. Brown denied the allegation, but, after a trial in June of 1987, the Claremont District Court found him guilty of assault. His sentence was conditionally discharged, and the conviction was eventually annulled in January of 1989, pursuant to RSA 651:5 (Supp. 1989).

During the later jury trial of Mrs. Brown's civil assault claim against Mr. Brown, based on the same December 1986 altercation, the defendant filed a motion *in limine* to exclude all evidence of the recently annulled criminal conviction. Although the plaintiff conceded that evidence of the conviction itself could not be admitted at trial, she argued that under the doctrine of collateral estoppel, the

defendant's earlier assault conviction prevented him from relitigating that issue in the related civil action. It was the plaintiff's position that under *Aubert v. Aubert*, 129 N.H. 422, 529 A.2d 909 (1987) she was entitled to a directed verdict as to whether Mr. Brown had assaulted her.

The trial court disagreed, granting the motion *in limine* and ruling that Mrs. Brown could neither use the prior conviction as evidence, nor use it as the basis of collateral estoppel. It was the trial judge's ruling that the annulled conviction could not be used to establish automatically and conclusively the fact of the assault, and his consequent refusal to direct a verdict in favor of the plaintiff on the assault issue, that prompted this appeal.

We note that the plaintiff does not challenge the validity of the annulment statute itself; nor does she argue that the defendant has failed to satisfy the requirements of the annulment provision or that he is in some way ineligible to reap its benefits. She simply would have us carve out an exception to what she concedes is the otherwise absolute language of the statute, whereby in this particular case the annulled conviction could be used for the limited purpose of conclusively establishing the fact of the assault. In support of this position, Mrs. Brown relies on this court's adherence to the doctrine of collateral estoppel and claims that, on balance, the importance of the doctrine far outweighs that of the stated purpose of the annulment legislation. She further argues that, as the victim of the earlier assault, she should be allowed to use the prior conviction in the subsequent civil action. She also argues that the recent decision of *Panas v. Harakis & K-Mart Corp.*, 129 N.H. 591, 529 A.2d 976 (1987) has softened the inflexible mandates of the annulment statute.

We need only refer to the clear, unambiguous language of the statute to resolve the arguments presented by the plaintiff. RSA 651:5 (Supp. 1989) provides in pertinent part that

"I. If a person who has been sentenced to probation, conditional discharge, or a fine has complied with the conditions of his sentence, he may, at any time after one year following completion of the terms of his sentence, apply to the court in which the original sentence was entered for an order to annul the record of conviction and sentence.

\*          \*          \*

VII. The court shall enter the order applied for under paragraph I . . . if in the court's opinion the order will assist in

the applicant's rehabilitation and will be consistent with the public welfare. Upon entry of the order, the applicant shall be treated in all respects as if he had never been convicted and sentenced, except that, upon conviction of any crime committed after the order of annulment has been entered, the prior conviction may be considered by the court in determining the sentence to be imposed."

The statute specifically provides that the requested annulment order shall be entered "if in the court's opinion the order will assist in the applicant's rehabilitation and will be consistent with the public welfare." RSA 651:5, VII (Supp. 1989). It further mandates that "[u]pon entry of the order, the applicant shall be treated in all respects as if he had never been convicted and sentenced . . . ." *Id.* The only exception to this otherwise unequivocal language is not relevant here, but provides that "upon conviction of any crime committed after the order of annulment has been entered, the prior conviction may be considered by the court in determining the sentence to be imposed." *Id.*

■■ "It is too well established to require elaboration that where a purely statutory remedy, such as in this case, is concerned, courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." *State v. Doe,* 117 N.H. 259, 261, 372 A.2d 279, 280 (1977). The statute clearly requires that, but for a narrowly drawn exception dealing with later convictions, "the applicant shall be treated *in all respects* as if he had never been convicted and sentenced." RSA 651:5, VII (Supp. 1989) (emphasis added). The language "in all respects" cannot be read out of the statute or interpreted to encompass any less than the word "all" requires. If the plaintiff in this case is allowed to use the defendant's prior conviction as the basis for collateral estoppel, Mr. Brown is no longer treated as if he had never been convicted. There is no general exception for purposes of collateral estoppel and no specific exception for victims wishing to use the conviction for purposes of collateral estoppel. We therefore hold that an annulled conviction cannot be given collateral estoppel effect.

The plaintiff's reliance on the *Panas* and *Aubert* cases is misplaced, as our decisions in those cases are entirely consistent with this reading of the annulment statute.

■ In *Panas* we said that "it is an *a fortiori* proposition that the blanket restrictions on disclosure of convictions of RSA 651:5 should be applied rigorously in the context of civil suits." *Panas v. Harakis*

*& K-Mart Corp.*, 129 N.H. at 610, 529 A.2d at 988. Noting that "the applicant is to be treated as if the conviction had never occurred," *id.* at 611, 529 A.2d at 988, we concluded that although "the statute effectively erases the conviction, no such similar erasure is effected against the facts giving rise to the conviction," *id.* Thus, the statute "only extends as far as evidence of the conviction itself," *id.*, and does not prohibit introduction of the underlying facts and circumstances giving rise to the conviction, provided that such evidence can be introduced without reference to the actual criminal proceedings. *Panas* says nothing about collateral estoppel.

In *Aubert*, we held that the defendant's criminal conviction collaterally estopped her from relitigating the issues of liability and causation. That case, however, did not involve an *annulled* conviction.

Therefore, given the specific language of RSA 651:5 (Supp. 1989) and the reasoning of the *Panas* case, Mrs. Brown was properly prohibited from using the defendant's annulled conviction to establish the occurrence of the assault for purposes of the related civil suit.

Accordingly, the decision of the trial court is

*Affirmed.*

JOHNSON and HORTON, JJ., did not sit; the others concurred.