Compensation Appeals Board
No. 91-445

APPEAL OF LOUIS LEVESQUE

(New Hampshire Department of Labor Compensation Appeals Board)

September 10, 1992

*Devine & Nyquist*, of Manchester (*Lee C. Nyquist* on the brief and orally), for the petitioner.

*Law Office of Rodney L. Stark P.A.*, of Manchester (*Cynthia L. Fallon* on the brief and orally), for Surewood Excavators.

JOHNSON, J.   The petitioner, Louis Levesque, appeals from the decision of the New Hampshire Department of Labor Compensation Appeals Board (CAB) denying him compensation under the Workers' Compensation Law for medical treatment related to a back injury he sustained in the course of his employment with Surewood Excavators. The CAB ruled that the employer's insurance carrier was not obliged to pay for the petitioner's treatment because the medical treatment was "palliative in nature and not curative." Because the curative/palliative distinction is not the correct standard for determining coverage of medical treatment under the Workers' Compensation Law, we reverse and remand.

On August 3, 1988, Mr. Levesque sustained a back injury in the course of his employment with Surewood Excavators, when he was

hit by the bucket of an excavating machine. Mr. Levesque was determined to be temporarily totally disabled and received benefits from September 1988 through May 1990, at which time a lump sum settlement was approved. *See* RSA 281-A:37 (lump sum agreements may be permitted at discretion of commissioner, but in no instance shall medical provisions of Act be lump summed).

Mr. Levesque continued to receive medical treatment from his physicians, including an unsupervised exercise program. In addition, he received chiropractic treatment and treatment at Easter Seals for injuries that were sustained in the course of his exercise program.

Surewood Excavators' insurance carrier denied payment of Mr. Levesque's medical bills, and Mr. Levesque appealed to the Department of Labor (DOL). A DOL hearings officer upheld the denial of coverage, determining that neither "the therapeutic exercise program provided by Dr. Smolen nor the chiropractic treatment provided by Dr. Pratt are causally related to his work-related injury or are reasonable or necessary." The DOL also denied coverage for the treatment Mr. Levesque received at Easter Seals because the treatment was "the result of injury while treating with Dr. Smolen and logically flows from the denial of the Smolen treatments."

Mr. Levesque appealed the hearing officer's decision to the CAB. At the CAB hearing, Mr. Levesque testified that he "wouldn't be able to be in peace without being in pain if I wasn't doing what I'm doing now." The CAB also received in evidence letters from Mr. Levesque's doctors. Dr. Pratt wrote that the chiropractic treatment he has administered is "not maintenance in nature," and "continues to improve Mr. Levesque's overall condition." Dr. Smolen wrote that the exercise program "is not maintenance because his condition would be much worse without it, and it is required to eliminate the painful occasions that do exist." Dr. Berkowitz of Independent Medical Examinations, Inc. examined Mr. Levesque for the employer and found that he "did not have identifiable objective findings to support his ongoing disability," and that his course of treatment with both Dr. Smolen and Dr. Pratt is "controversial."

In its decision, the CAB found that Mr. Levesque had reached a "medical endpoint" in November 1989, and that the treatments being provided by Drs. Smolen and Pratt are "palliative in nature and not curative." The CAB denied coverage for those treatments.

■■ While we ordinarily defer to an administrative interpretation of a statute, we will not defer where the interpretation is plainly incorrect. *Chambers v. Geiger*, 133 N.H. 149, 153, 573 A.2d 1356, 1358 (1990). RSA 281-A:23, I (Supp. 1991) requires an employer or

its insurance carrier to "furnish or cause to be furnished to an injured employee reasonable medical, surgical, and hospital services, remedial care, nursing, medicines, and mechanical and surgical aids for such period as the nature of the injury may require." RSA 281-A:23, I (Supp. 1991), therefore, imposes only two conditions on compensable medical treatment: (1) the treatment must be reasonable; and (2) the treatment may continue only so long as required by the nature of the injury. The statute makes no reference to a palliative/curative distinction, nor does it require that a treatment be curative to be compensable by the employer.

■ The term "remedial" does appear in the statute. Even assuming that the terms "remedial" and "curative" are synonymous, we note that the term "remedial" modifies only the word "care." The term "reasonable," which precedes the enumeration of compensable items, modifies all of the terms that follow it. The plain language of the statute does not limit compensable medical treatments to those that are "remedial."

■■ Therefore, the CAB's determination that Mr. Levesque's treatments were palliative and not curative is insufficient to support its decision. Similarly, the finding that Mr. Levesque had reached a medical endpoint is inconclusive with respect to the question of whether or not Mr. Levesque's employer is required to pay for his treatments. Surewood Excavators' counsel conceded at oral argument that, consistent with RSA 281-A:23, I (Supp. 1991), a treatment may be reasonable and required by the nature of an injury even though the treatment does not improve the patient's medical condition. For example, administration of pain-killing drugs to a terminally ill cancer patient may be reasonable even though the drugs will not reverse the cancer.

■ The respondent argues that the hearing officer's finding that Mr. Levesque's treatment was not "reasonable or necessary" can support the CAB's decision. Appeals to the CAB, however, are heard *de novo*, RSA 281-A:42-a, I, and findings of the hearing officer are not automatically incorporated into the CAB's decision. Therefore, the respondent may not rely on the hearing officer's findings to support the CAB's decision.

We remand to the CAB for a determination of whether Mr. Levesque's treatments meet the requirements of RSA 281-A:23, I (Supp. 1991).

*Reversed and remanded.*

All concurred.