Personnel Appeals Board
No. 92-137

APPEAL OF MICHELLE PRITCHARD
(New Hampshire Personnel Appeals Board)

June 18, 1993

*Michael C. Reynolds*, general counsel, State Employees' Association of New Hampshire, Inc., of Concord, by brief and orally, for the petitioner.

*Jeffrey R. Howard*, attorney general (*Nancy J. Smith*, assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J.   The petitioner, Michelle Pritchard, appeals the decision of the New Hampshire Personnel Appeals Board (the board), granting the department of labor's (DOL) motion to dismiss the appeal of her layoff as untimely filed. Because the fifteen-day appeal period began to run when the petitioner was laid off, rather than when she received notice of the proposed layoff, we reverse and remand.

Because of operating budget deficits, former Governor Judd Gregg mandated that the DOL reduce its general fund budget by three and one half percent. The DOL responded to the mandate in part by notifying the petitioner by letter dated November 6, 1991, that she would be laid off effective November 21, 1991. The effective date of the layoff was subsequently delayed until November 28, 1991, to allow the petitioner to accept a position with another State agency without experiencing a break in State service.

The petitioner filed an appeal with the board on December 5, 1991, alleging that her layoff was improper because it was in retaliation for filing an appeal of a letter of warning concerning her job performance. On December 24, 1991, the DOL filed a motion to dismiss, arguing among other things that the appeal was untimely. The DOL contended that the "action" that started the fifteen-day appeal period under RSA 21-I:58 (Supp. 1992) occurred at the time notice was given on November 7, 1991, and, accordingly, that the appeal period expired on November 22, 1991.

The board granted the DOL's motion to dismiss, ruling that "the 'action' occurred when Labor Commissioner Flynn notified Ms. Pritchard that her position had been identified for layoff, not when Ms. Pritchard ceased working at the Department of Labor." The petitioner's motion for reconsideration was denied, and this appeal followed.

Our sole task on appeal is identifying the "action" that starts the fifteen-day appeal period. The petitioner argues that the requisite action is the layoff itself, while the State counters that it is the notice of that proposed layoff.

The standard of review on appeal from an agency action is well settled. "[T]he order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." RSA 541:13 (1974).

RSA 21-I:58, I (Supp. 1992) provides in pertinent part: "Any permanent employee who is affected by any application of the personnel rules . . . may appeal to the personnel appeals board within 15 calendar days of the *action* giving rise to the appeal." (Emphasis added.) To determine the meaning of the term "action," we start with the plain meaning of the statute. *Town of Gilsum v. Monadnock Reg. School District*, 136 N.H. 32, 36, 611 A.2d 625, 626 (1992).

The "action" giving rise to the appeal was the respondent's layoff. "Layoff" is defined as "the complete separation of an employee from the state classified service for an indefinite period by reason of abolition of position, change in organization, lack of work, insufficient funds, or other reasons outside the employee's control that do not reflect discredit on [the employee]." N.H. ADMIN. RULES, Per 101.21 (1983) (current version at Per 101.34 (1992)). It is precisely this action that the petitioner challenges.

The personnel rules make a distinction between "layoff" and "notice of layoff." *Compare id.* 308.05 (a) (1983) *with id.* 308.05 (c) (1983) (current versions at Per 1101.02 and Per 1101.03 (1992)). In this case, the petitioner does not assert error in the notice procedure. Rather, she maintains that the layoff itself was done in a retaliatory manner.

The plain meaning of the statute requires us to hold that the fifteen-day appeal period began on the date of layoff, not on the date of notice. If the legislature had intended to begin the running of the appeal period at the time "of notice of" the action, it could have included those words in the statute. We cannot add words to the statute that the lawmakers did not see fit to include. *Brown v. Brown*, 133 N.H. 442, 445, 577 A.2d 1227, 1229 (1990).

We find the authority cited by the State to be unpersuasive. In *Delaware State College v. Ricks*, 449 U.S. 250 (1980), the plaintiff alleged discriminatory denial of tenure. He argued that the statute of limitations began to run at the end of his one-year terminal contract. *Id.* at 257. The Supreme Court disagreed, holding that because the "unlawful employment practice" of which he complained was the denial of tenure, the statute of limitations began to run when tenure was denied. *Id.* at 259. The Court specifically distinguished the case before it from one in which the plaintiff alleged discriminatory *termination, id.* at 257, as the petitioner alleges here. Similarly, *Oliveira v. Department of Public Safety*, 309 S.W.2d 557 (Tex. Ct. App. 1958), is readily distinguishable, because in that case the statute authorized appeal "within ten (10) days after *notice* [of any order or act of the department]," (emphasis added), language significantly different from the statute before us. *Id.* at 559.

██   While we ordinarily defer to an administrative interpretation of a statute, such an interpretation is not controlling when it is plainly incorrect. *Appeal of Levesque*, 136 N.H. 211, 213, 612 A.2d 1333, 1334 (1992). The petitioner was laid off on November 28, 1991. She filed her appeal on December 5, 1991, within the fifteen-day appeal period under RSA 21-I:58, I (Supp. 1992). Consequently, her appeal was timely, and the board erred in deciding to the contrary. Accordingly, we reverse and remand.

*Reversed and remanded.*

All concurred.