Cheshire
No. 93-534

DAVID AND SALLY BELLUSCIO

v.

TOWN OF WESTMORELAND

September 29, 1994

*Bragdon, Berkson & Davis, P.C.,* of Keene (*Stephen B. Bragdon* and *Katharine Lord Klein* on the brief, and *Mr. Bragdon* orally), for the plaintiffs.

*Fernald, Taft, Falby & Little, P.A.,* of Peterborough (*Silas Little* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

BATCHELDER, J. The plaintiffs, David and Sally Belluscio, appeal the decision of the Superior Court (*Brennan,* J.) upholding the defendant Town of Westmoreland Zoning Board of Adjustment's (ZBA) denial of their request to build a single-family residence on their seven-acre lot. They argue that the trial court erred in ruling that RSA 674:41 (1986 & Supp. 1993) barred their request. We reverse and remand.

The plaintiffs sought a building permit from the town in 1990. When the application was denied, they appealed to the ZBA. Following several hearings, the ZBA determined that the plaintiffs'

request was governed by RSA 674:41, which requires that "no building shall be erected on any lot . . . unless the street *giving access to* the lot upon which such building is proposed to be placed" is a class V or better highway. RSA 674:41, I (emphasis added). Because the plaintiffs' lot does not have frontage on Estes Road, a class V highway, but rather must be reached from Estes Road by virtue of a deeded right-of-way across an abutter's property, the ZBA denied the plaintiffs' request.

The plaintiffs appealed to the superior court, *see* RSA 677:4 (1986), which ruled that the ZBA reasonably found that the plaintiffs "did not meet the standards for relief under the Statute." The plaintiffs appealed.

■ *Cohen v. Town of Henniker,* 134 N.H. 425, 426, 593 A.2d 1145, 1146 (1991), provides the review standard in cases such as this. The trial court's decision is upheld unless it is unsupported by the evidence or is legally erroneous.

RSA 674:41, I, prohibits the construction of a building on a lot that does not have "access" to a class V or better highway. The plaintiffs argue that their deeded right-of-way to Estes Road provides the required access. The town counters that the statute requires frontage on a class V or better highway, and because the plaintiffs' lot does not have frontage on Estes Road, the statutory mandate has not been met.

"[T]he words in the statute itself are the touchstone of the legislature's intention." *Greenhalge v. Town of Dunbarton,* 122 N.H. 1038, 1040, 453 A.2d 1295, 1296 (1982). We first consider the statute's plain meaning. RSA 21:2 (1988); *Town of Gilsum v. Monadnock Reg. School District,* 136 N.H. 32, 36, 611 A.2d 625, 626 (1992).

■ The word "access" is defined as "a landowner's legal right to pass from his land to a highway and to return without being obstructed." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 11 (unabridged ed. 1961). The trial court found that the plaintiffs' 1100-foot deeded right-of-way is "good and passable." Consequently, it provides proper "access" under the statute.

We dismiss the town's contention that "access" is synonymous with "frontage." *See Poulos v. Planning Bd. of Braintree,* 597 N.E.2d 417, 419 (Mass. 1992); *Turner v. Galgi,* 176 N.Y.S.2d 680, 682 (App. Div. 1958). Had the legislature intended to require frontage on a class V or better highway, it could have drafted the statute to include that condition. We will not insert into a statute words that the legislature has not chosen to include. *Appeal of Pritchard,* 137 N.H. 291, 293, 627 A.2d 102, 103 (1993).

The trial court's ruling that the plaintiffs had failed to meet the requirements of RSA 674:41 was legally erroneous. Accordingly, we reverse and remand.

*Reversed and remanded.*

All concurred.