Rockingham
No. 98-776

HERON COVE ASSOCIATION & a.

v.

DVMD HOLDINGS, INC. & a

March 29, 2001

*Baldwin, Callen, Hogan & Kidd, P.L.L.C.*, of Concord (*Carolyn W. Baldwin* on the brief and orally), for the plaintiffs.

*McLane, Graf, Raulerson & Middleton, P.A.*, of Concord (*Ellen L. Arnold* and *Terri L. Pastori* on the brief, and *Ms. Arnold* orally), and *F. Anne Ross*, of Salisbury, by brief, for the defendants.

*DiFruscia Law Office*, of Lawrence, Massachusetts (*Kathleen S. DiFruscia* and *Richard A. Gray* on the brief), for the intervenor, Cobbett's Pond Improvement Association.

HORTON, J., retired, specially assigned under RSA 490:3. Defendant DVMD Holdings, Inc. (defendant) appeals the Superior Court's (*Abramson*, J.) order reversing decisions of the planning board (board) and zoning board of adjustment (ZBA) of the defendant Town of Windham (town). The board and ZBA decisions concluded that the defendant's land was exempt from the setback requirements set forth in the Wetland and Watershed Protection District (WWPD) environmental overlay to the town zoning ordinance. We affirm.

The defendant owns a 6.43-acre, commercially-zoned piece of property on the north shore of Cobbett's Pond, a 310-acre great pond in Windham. The property is located on the south side of Route 111 and is within 250 feet of I-93. The defendant's property currently accommodates a single-story, 4,200-square-foot commercial building with twenty-four associated parking spaces on approximately one-half acre. Heron Cove Condominiums (Heron Cove), a residential condominium consisting of four single-family units, abuts the property to the west along Route 111 and the shore of Cobbett's Pond. Dinsmore Brook, which originates north of Route 111, flows south through a culvert under Route 111 onto the east side of the Heron Cove property near the defendant's property. The brook runs through a small wetland on the Heron Cove property and

thence into Cobbett's Pond. The eastern bank of Dinsmore Brook as it runs through Heron Cove's property has a slope of at least twelve percent.

On January 21, 1998, following public hearings in October, November, December and January, the board approved the defendant's site plan for the construction of Waters Edge Office Park, an office complex consisting of two three-story, 30,000 square-foot office buildings and a 200-car parking lot, to replace the existing building and parking. Portions of the proposed construction lie within 200 feet of Dinsmore Brook and the Heron Cove wetland.

The plaintiffs, Heron Cove Association, an association of the residents of Heron Cove, and certain Heron Cove residents in their individual capacities, appealed the board's approval of the defendant's site plans to the superior court and appealed the board's interpretation of the town's zoning ordinance to the ZBA, arguing that the planned construction did not comply with the environmental setbacks specified in the WWPD environmental overlay to the town's zoning ordinance. The ZBA denied the appeal and denied rehearing, and the plaintiffs appealed the ZBA's decision to the superior court. The superior court granted certiorari on the appeal from the board and consolidated the board and ZBA appeals. Following a hearing, the superior court reversed the decisions of the board and the ZBA. The court concluded that the WWPD environmental overlay unambiguously included Dinsmore Brook and the Heron Cove wetland and, therefore, the defendant's site plan did not comply with the setbacks provided therein. The defendant appealed.

██ ██ "The superior court's review of the planning board in both the direct appeal and the ZBA appeal is governed by statute. Upon a grant of certiorari pursuant to RSA 677:15 [(1996)], the superior court may review the decision of a planning board, and may reverse, affirm, or modify that decision where there is an error of law or when the decision is unreasonable." *Mt. Valley Mall Assocs. v. Municipality of Conway*, 144 N.H. 642, 646 (2000) (quotation and brackets omitted). Pursuant to RSA 677:6 (1996), the superior court will set aside the ZBA's decision "only for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that the decision was unreasonable. We will uphold the trial court's decision unless it is not supported by the evidence or is erroneous as a matter of law." *Gray v. Seidel*, 143 N.H. 327, 328 (1999) (quotations, brackets and citation omitted).

██ At issue on appeal is section 601 of the town's zoning ordinance, the WWPD environmental overlay, the purpose of which

is "to guide the use of wetlands, lands draining into wetlands, as well as brooks, ponds, and water supply areas." *Windham, N.H., Zoning Ordinance* § 601.1 (1997). Specifically, the parties ask us to determine whether Dinsmore Brook and the wetlands through which it flows on the Heron Cove property are included in the WWPD or are exempt by virtue of their proximity to Cobbett's Pond, which is expressly exempt from the terms of the overlay. If the brook and wetlands are included in the WWPD, as found by the superior court, then the defendant's site plan violates the setback requirements of the town's zoning ordinance.

Section 601 of the zoning ordinance provides, in pertinent part:

601.2 *Definitions*:

. . . .

*Wetland and Watershed Protection District (W.W.P.D.)*: Land areas designated as a W.W.P.D. shall include all areas in *Section 601.4* and include wetlands [meeting certain criteria] as well as brooks, streams and ponds.

. . . .

601.4 *REGULATIONS*:

601.4.1 . . . The W.W.P.D. for any [] brook, stream or pond [except certain brooks singled out for additional protection] shall include all land within one hundred feet (100′) of the centerline of said [b]rook or stream and one hundred feet (100′) from the normal high water of said pond.

. . . .

601.4.4 The following bodies of water shall be exempt from the above provisions: Cobbett's Pond . . . .

601.4.5 When areas immediately adjacent to W.W.P.D.'s have slopes of 12% or greater, an additional one hundred feet (100′) shall be added to said W.W.P.D.

. . . .

601.4.7 . . . Any wetland contiguous to the stream or brook shall be protected by a W.W.P.D.

The parties' dispute involves the status of land lying proximately to both a brook and an exempted pond — in this case, land lying

within 200 feet east of Dinsmore Brook and abutting Cobbett's Pond. The plaintiffs contend that the land in question is part of the WWPD by virtue of its proximity to Dinsmore Brook, while the defendant argues that the land is exempt from the WWPD by virtue of its proximity to Cobbett's Pond. The defendant concedes that the land in question would be protected if not for the exemption of Cobbett's Pond.

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. We look first to the statutory language itself, and where possible, we ascribe the plain and ordinary meanings to words used." *Brewster Academy v. Town of Wolfeboro*, 142 N.H. 382, 383-84 (1997) (quotations and citation omitted). "If the language is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent." *Doggett v. Town of North Hampton*, 138 N.H. 744, 746 (1994) (quotation omitted).

The WWPD overlay protects brooks with at least a 100-foot buffer on either side of their centerlines, and ponds with at least a 100-foot buffer from their normal high water marks. Thus, in general, when a brook flows into a pond, the land immediately surrounding the inlet of the brook into the pond is protected by virtue of its proximity to both the brook and the pond.

Section 601.4.4 provides that Cobbett's Pond is exempt from the provisions of the overlay. The ordinance is silent, however, as to whether the exemption removes all protection for land surrounding the pond, independent of whether the land might be subject to protections arising from its proximity to an independently protected brook. Finding no definition for the word "exempt" within the body of the ordinance, we ascribe the plain and ordinary meaning to the word. *See Brewster Academy*, 142 N.H. at 383-84. "Exempt" means "excepted from the operation of some law or obligation; not subject to." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 795 (unabridged ed. 1961).

We apply this definition to the terms of the ordinance. Section 601.4.4 exempts Cobbett's Pond from the operation of the provisions of the overlay. Hence, any protections that the WWPD overlay would otherwise have given to the land surrounding Cobbett's Pond by virtue of its proximity to the pond do not arise. As is the case with any other land, however, if the land lies near a stream, brook or protected wetland, as does the land in question, the protections of the WWPD overlay apply.

Our interpretation would differ if section 601.4.4 provided instead that *"the land contiguous to* the following bodies of water shall be exempt" or *"the land within one hundred feet (100') from the normal high water of* the following bodies of water shall be exempt." Such drafting would clearly have provided the affirmative exclusion of the land in question sought by the defendant. In that case, the land itself would be expressly exempted and would not be subject to protections arising from other nearby bodies of water. Instead, however, only the body of water comprising Cobbett's Pond is exempt, leading to the conclusion that the land surrounding it is to be treated like any other land. Thus, the protections arising from other nearby bodies of water, such as Dinsmore Brook, apply to the land in question.

Because we conclude that the zoning ordinance is not ambiguous, we do not address the parties' arguments relating to legislative intent, *see Cormier v. Town of Danville*, 142 N.H. 775, 779 (1998) (quotation omitted), or administrative gloss, *see* 15 P. LOUGHLIN, NEW HAMPSHIRE PRACTICE, LAND USE PLANNING AND ZONING § 6.02 (2000). Finally, because our holding today does not establish a new principle of law overruling clear past precedent, *see Hampton Nat'l Bank v. Desjardins*, 114 N.H. 68, 75 (1974), we decline to apply it only prospectively.

*Affirmed.*

BROCK, C.J., and BRODERICK, J., concurred.