Board of Claims
No. 2004-119

APPEAL OF THE NEW HAMPSHIRE DEPARTMENT OF TRANSPORTATION
(New Hampshire Board of Claims)

Argued: November 9, 2004
Opinion Issued: October 28, 2005

*Orr & Reno, P.A.*, of Concord (*William L. Chapman* on the brief and orally), for the claimant.

*Kelly A. Ayotte*, attorney general (*Mark P. Hodgdon*, senior assistant attorney general, on the brief and orally), for the State.

BRODERICK, C.J. The State appeals a decision of the New Hampshire Board of Claims (Board) awarding compensation to the claimant, Mary Van Der Bosch, for damages to her motor vehicle. We reverse.

On February 2, 2003, the claimant was involved in a motor vehicle accident on Route 16B in Ossipee. The accident occurred towards the end of a winter storm. Milton Norcross, a full-time State employee, was engaged in plowing operations on the two-lane road across a short bridge. At the time of the accident, the plow truck's yellow lights were activated and the fixed plow with attached wing was scraping along the bridge's right-hand curb line of the southbound travel lane. The claimant approached from the northbound travel lane in a GMC van. While passing on the bridge, the two vehicles, traveling at low speeds, sideswiped one another within a few inches of the double yellow centerline.

The claimant filed a claim with the Board. The parties stipulated that the damage to the vehicle was $3,000. After a hearing the Board granted the claim based upon a centerline violation, finding "that the Claimant ha[d] proved that the State was negligent when the snow plow driver crossed over the double yellow line while on the bridge and caused the front left portion of the plow [to come] into contact with and damage the claimant's vehicle." The Board denied the State's motion for rehearing without comment.

The State appealed, raising several issues including: (1) whether the Board erred when it failed to address the comparative fault of the claimant; (2) whether the Board erred by concluding that RSA 265:6 (2004) did not apply to claims of civil liability; (3) whether the Board's award of damages could be sustained in the absence of a finding of unreasonable conduct on the part of the State employee; and (4) whether the Board erred in finding that the plow operator had crossed the yellow line.

Following oral argument, we remanded the case for the Board to make findings of fact and rulings of law on the comparative fault of the claimant. The Board determined that the claimant was forty-five percent at fault for

the accident and reduced the claimant's damages pursuant to RSA 507:7-d accordingly. We then ordered supplemental briefing.

The State's supplemental brief challenges several of the Board's findings and rulings, including: (1) that the Board erroneously concluded that the State did not raise the issue of comparative fault at the time of the hearing; (2) that the Board's finding that the plow truck was not an emergency vehicle is erroneous as a matter of law; and (3) that the Board's finding of proportional fault between the parties cannot be rationally justified when the Board identified no negligent act by the plow operator.

On appeal from the Board's decision, the standard of review requires that "the order or decision appealed from ... not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." RSA 541:13 (1997); *see Appeal of Pritchard*, 137 N.H. 291, 293 (1993).

Following remand from this court, the Board "met, reviewed their notes, the exhibits, and [the] transcript," and made findings of fact and rulings of law on the comparative fault of the claimant. These findings and rulings included the following:

8. The State is subject to civil liability laws for work performed on highways. N.H. RSA 265:6.

9. The unreasonable speed of each vehicle was not a contributing factor to the accident.

10. The point of impact of the two vehicles was on the center line.

. . . .

12. Claimant's lane had sufficient width for Claimant's vehicle to cross [the] bridge while staying within her travel lane.

. . . .

15. The plow truck had yellow warning lights in operation at the time of [the] accident.

. . . .

17. No determination is made as to whether yellow warning light[s] are considered emergency lights under N.H. statutes, and administrative rules.

18. The State plow truck wing blade was against the right side curb for about two truck lengths before it came to rest.

19. The State plow truck was across the double yellow line prior to the wing plow blade plowing against the right side curbing.

. . . .

22. The Claimant did not take adequate evasive action to avoid the collision, after observing the plow truck over the center line.

In addition, the Board granted the claimant's requested rulings of law that "[t]he driver of the State snowplow was negligent in the operation of the State snowplow" and that "[t]he driver's negligence was a substantial contributing factor in causing the plow to hit Claimant's van."

RSA 265:6-a, II (2004) provides that: "The driver of a vehicle shall yield the right-of-way to any authorized vehicle obviously and actually engaged in work upon a highway whenever such vehicle displays emergency lights as authorized under RSA 266:74." Pursuant to RSA 266:74, I (2004):

It shall be unlawful for any motor vehicle equipped with an emergency light to be driven on the ways of the state. This provision shall not apply to vehicles of any . . . state, city, or town highway or public works departments . . . or . . . private snow removal vehicles . . . . Emergency lights shall not be in operation except during an emergency, and in the case of private snow removal vehicles, while such vehicle is actively in use in snow removal . . . .

In addition, rules promulgated by the department of safety provide that public works department vehicles may be equipped with amber emergency lights. *See* N.H. ADMIN. RULES, Saf-C 3217.02(b)(9), (d)(3)(a).

█ There is no dispute that at the time of the accident the State-owned snow plow was actively plowing snow on the two-lane bridge with its amber lights operating. Although the Board did not determine "whether yellow warning light[s] are considered emergency lights under N.H. statutes, and administrative rules," we hold that such lights are, as a matter of law, emergency lights under the plain language of RSA 266:74 and department of safety rules. *See* RSA 266:74, III (department of motor vehicles director determines color of emergency lights by rule).

█ Given that the State snowplow was an "authorized vehicle obviously and actually engaged in work upon a highway," displaying authorized emergency lights, the claimant had a statutory obligation to yield the right-of-way. RSA 265:6-a, II. The Board's express findings reveal, however, that the point of impact between the vehicles was on the center line of the roadway, that the claimant's lane had sufficient width for her

vehicle to cross the bridge while staying in its lane of travel and that the claimant did not take adequate evasive action to avoid the collision. The evidence is clear that prior to the vehicles sideswiping one another, the snow plow's fixed wing blade was scraping the right side curbing; thus the snow plow was as far to the right side of its travel lane as was physically possible.

Despite these undisputed facts, the Board concluded that pursuant to RSA 265:6, "violation of the rules of the road can support a claim for civil liability as was made in this case." RSA 265:6 provides:

> Unless specifically made applicable, the provisions of this chapter shall not apply to persons, teams, vehicles and other equipment while actually engaged in work upon the surface of a highway when a violation of any of such provisions is reasonably necessary for the completion of such work. The provisions of this chapter relative to civil liability shall apply to such persons and vehicles, and all provisions of the chapter shall apply to such persons and vehicles when traveling to or from such work.

Presumably, the Board's finding of liability was based upon the finding in its initial order that the snow plow driver had crossed the double yellow line and caused the plow to strike the claimant's vehicle. However, the Board subsequently found, following remand from this court, that the point of impact of the two vehicles was "on the center line."

In this case, it was the claimant who had a statutory duty to yield the right-of-way to the State plow truck. Not only did the Board not identify a standard of care owed by the State employee to the claimant, it failed to identify any negligent act on the part of the State employee. Further, the Board did not find, nor on this record could it have found, that the plow operator acted unreasonably. For these reasons, we hold that the Board erred as a matter of law in finding the State liable for damages.

*Reversed.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.